STATE OF NEW JERSEY v. JOHN J. GOFF.

Submitted December 8, 1906—Decided February 25, 1907.

Since the enactment of the statute of March 10th, 1893, which prohibits the finding of an indictment against a person for the offence of maintaining a common law nuisance or keeping a disorderly house, where the offence sought to be punished consists wholly in the unlawful sale of intoxicating liquor, a person who is indicted for the common law offence of keeping a disorderly house is entitled to an acquittal, where the only proof offered to support the charge against him relates to sales of intoxicating liquor contrary to law.

On error to the Union Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the state, *Nicholas C. J. English,* prosecutor of the pleas.

For the plaintiff in error, *William R. Wilson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   Goff, the plaintiff in error, was indicted for and convicted of the offence of keeping a disorderly house.   The indictment was in the common law form and averred that he "unlawfully and habitually did keep and maintain a certain common, ill-governed and disorderly house, and in the said house for his own lucre and gain certain persons, as well men as women, of evil name and fame and of dishonest conversation, then and there unlawfully and habitually did cause, suffer, procure and permit to frequent and come together; and in the said house the said John J. Goff, as well in the night as in the day and as well on the Sabbath, commonly called Sunday, then and on other days and times did, without a license granted therefor, habitually sell, offer and expose to sale and allow and suffer to be exposed for sale and assist in selling certain spirituous, vinous, malt and intoxicating liquors to the said persons, as well men as women, and said persons then and there to be and remain, gaming with slot machines and by throwing dice for drinks, drinking, gambling, tippling, fighting, whoring and misbehaving themselves, unlawfully and habitually did permit and yet does permit, to the great damage and common nuisance of," &c.

The case made by the state in support of the indictment was that the plaintiff in error made a practice of selling intoxicating liquors to men who frequented his place, although he was not licensed to make such sales, and that they were made, not only on secular days, but also on Sundays; and further, that he permitted games of cards to be played "for drinks" upon the premises on three or four different occasions.   At the close of the case the plaintiff in error requested the court to charge the jury that if they believed that he was guilty only of the illegal selling of intoxicants there could be no conviction under the indictment.   The court refused to charge as

requested; exception was taken to the refusal and error is now assigned upon it.

The legislature of this state on March 10th, 1893, by a supplement to the Crimes act, enacted that "it shall not be lawful hereafter to indict any person or persons for the offence of maintaining a common law nuisance or keeping a disorderly house * * * where the offence sought to be punished consists wholly in the unlawful sale of spirituous, vinous, malt or brew liquors, but in all such cases the indictment shall be in form of sale of intoxicating liquors contrary to law." This provision still remains upon the statute book and is now section 74 of the revised Crimes act. *Pamph. L.* 1898, *p.* 894. The purpose of this legislation cannot be mistaken. It is to prevent a person whose only offence is the selling of intoxicating liquor without having first obtained a license to make such sale, or who sells it on Sunday, from being subjected to the stigma of having it spread upon the public records of the court that he has been guilty of keeping a house or resort for men and women of evil name and fame where gambling, fighting, whoring and other immoralities were habitually indulged in by the frequenters. The protection which the statute provides cannot be availed of by the defendant before trial, as he cannot know until the case of the state is in what are the illegal acts which it is intended to prove against him. The presentment of an indictment in the common law form raises the presumption that the proofs submitted to the grand jury disclosed habitual violations of the law other than unlawful sales of intoxicating liquors and that presumption remains until after the proofs are all in upon the trial of the indictment. The only way, therefore, in which a defendant can avail himself of the protection of the statute is either to request the direction of a verdict at the close of the case, where the proofs fail to disclose any illegal acts except the unlawful sales of liquor, or where other illegal acts have been attempted to be shown on the part of the state, to submit such a request to charge as that which was made in the present case. The defendant was entitled to an acquittal under this indictment

if the jury believed from the proofs that the violations of law of which he was guilty consisted wholly in the unlawful sale of intoxicating liquors.

For the failure of the trial court to so instruct the jury there must be a reversal.